BIASO DI CHIRO, Appellant, v. MARY O'BYRNE and DANIEL
O'BYRNE, Respondents.

Third Department, July 1, 1914.

Vendor and purchaser — real property — contract to convey free of
incumbrance — right of purchaser to pay incumbrance and recover
therefor from vendor — parties defendant.

Where an executory contract of sale of real property did not specify the
nature of the deed that was to be given, but provided that the property
was to be conveyed free from incumbrance, except as to a certain mort-
gage, the purchaser, upon discovering that the property was bound by a
street assessment, may, upon the failure of the vendor to pay the assess-
ment, pay it himself and recover such sum from the vendor.

It matters not whether the vendor was ignorant of the existence of the
assessment or with knowledge thereof fraudulently concealed the same.
In either case equity will reform the deed, so far as may be necessary
to enable the purchaser to pay the assessment and recover therefor.

Where the husband of the vendor contracted for himself and wife and
signed the deed, he may be joined as defendant in an action by the pur-
chaser to recover for assessments paid.

APPEAL by the plaintiff, Biaso Di Chiro, from a judgment
of the Supreme Court in favor of the defendants, entered in
the office of the clerk of the county of Albany on the 23d day
of June, 1913, upon the decision of the court after a trial before
the court without a jury at the Albany Trial Term.

*Walter H. Wertime* [*P. C. Dugan* of counsel], for the
appellant.

*William E. Woollard*, for the respondents.

SMITH, P. J.:

Upon August 26, 1911, the respondent Mary O'Byrne,
through her attorney in fact, Daniel O'Byrne, acknowledged
payment of $200 to apply upon the purchase price of lot 42 on
Lancaster street, in Cohoes. The paper in which said receipt
was acknowledged then continued: "The full purchase price
of said lot to be Twenty-seven Hundred Dollars ($2,700), and
said Biaso Di Chiro is to assume the payment of a mort-
gage now on said premises for $1,300.00, executed by Daniel

O'Byrne to Cohoes Savings Institution, and the balance of said sum of $1,200.00 is to be paid by said Biaso Di Chiro on or before the 15th day of October, 1911, at which time said Mary O'Byrne will deliver a deed of said premises to him, free and clear of all incumbrances, except said mortgage for $1,300.00." On or before the 15th of October, 1911, the plaintiff paid the said sum of $1,200, and a warranty deed was given to him of said premises, with covenant for quiet enjoyment. At the time of the giving of this deed, however, the property was incumbered by an assessment for street paving amounting to about $200. This assessment plaintiff endeavored to have the defendants pay, and upon their refusal the plaintiff paid the same and has brought this action to recover the amount so paid, and for such equitable relief as may be necessary to enable him so to do.

The executory contract of sale of the property did not specify the nature of the deed that was to be given, but did require that the property was to be conveyed free of incumbrance, except this $1,300 mortgage. The property was not conveyed free of incumbrance, but was bound by this $200 assessment, so that the defendants have not performed the covenants of their contract. It cannot be possible that plaintiff is required by law to wait for an eviction before he can have the benefit of his contract. Moreover, an eviction may forfeit to him the material profit of his contract. Natural justice would seem to require that upon the failure of the defendants to pay this assessment the plaintiff might pay the same and have his right of action for the amount so paid.

Authorities are cited, however, to the effect that under an executory contract for the conveyance of a good title, if a deed be given the vendee must look to the covenants in his deed. It is unnecessary to discuss whether a distinction may be drawn between a covenant to give a good title and a covenant to convey property free from any incumbrance. Conceding for the argument that a purchaser must look to the covenants of his deed only for his relief, if a deed be made in form so as not to protect the purchaser, either through mutual mistake or through mistake on the part of the vendee and fraud on the part of the vendor, the courts should correct that deed so

as to require the inclusion of such covenants as are necessary to give to the purchaser the full benefit of his contract. This plaintiff is an Italian and can neither read nor write English. There is no question that he was ignorant of the fact that there was an incumbrance upon the property. It matters not whether the defendants were ignorant of the existence of such incumbrance, or with knowledge thereof fraudulently concealed the same. In either case equity would reform the deed so far as may be necessary to enable the purchaser to pay these incumbrances and to recover therefor from those who had undertaken to convey the property free from incumbrance.

The action is brought against Daniel O'Byrne, the husband, as well as against Mary O'Byrne, the wife. The evidence stands uncontradicted that Daniel O'Byrne agreed to sign the deed. That he did thereafter in fact sign it is corroborative of this evidence. If the contract as construed called for a full covenant deed the legal inference is that Daniel O'Byrne should join in the covenants. The negotiations were with him. He apparently made the contract in behalf both of himself and of his wife, who held the legal title, and it is right that the plaintiff should look to either one for his indemnity. The judgment should, therefore, be reversed and plaintiff should have judgment against the defendants for the amount of said incumbrance paid. This court finds as a fact, in addition to those already found, that the deed executed, either by mistake of both parties or by mistake of the plaintiff and fraud on the part of the defendants, failed to provide therein a covenant against incumbrances. The court further finds that at the time of the making of this contract by Daniel O'Byrne he agreed to join in the deed to the plaintiff.

All concurred.

Judgment of the trial court reversed, with costs, and judgment ordered for plaintiff against defendants for the amount of said incumbrance paid, with interest and costs, and for such reformation as may be necessary therefor. This court finds as a fact, in addition to those already found, that the deed executed either by mistake of both parties or by mistake of the

plaintiff and fraud on the part of the defendants, failed to provide therein a covenant against incumbrances. The court further finds that at the time of making this contract by Daniel O'Byrne he agreed to join in the deed to the plaintiff.